THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JUAN FLORES VALENTÍN ET AL., Defendants and Appellants.

No. CR-62-234.    Decided June 28, 1963.

*José Rafael Gelpí* and *Francisco Aponte Pérez* for appellants. *J. B. Fernández Badillo, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: Juan Flores Valentín and Nahúm Alicea were charged with attempt to commit arson in the second degree. It is alleged that they attempted to set fire to the building where a supermarket belonging to the latter defendant was located.

Appellants assign four errors:

1. "The Superior Court erred in refusing to hear separately, from the evidence of the case, evidence to support the motion seeking the suppression of the evidence.

2. "The court erred in admitting hearsay evidence in opposition to defendants' motion seeking the suppression of the evidence.

3. "The Superior Court erred in refusing to grant defendants separate trials.

4. "The Superior Court erred in permitting an admission of one of the defendants to go to the jury and which reached the jury as triple hearsay evidence."

The refusal to hear separately the motion to suppress the evidence did not constitute an error. On many occasions the prosecuting attorney's evidence in opposition to the defense's contentions is the same evidence he uses to support the information and the judge receives the evidence during

the trial on the merits. Ordinarily defendant is not prejudiced thereby. *DiBella* v. *United States*, 369 U.S. 121 (1962).

■ The evidence adduced established that a police officer received a confidential call from a town in the island. That that call was made by an official of the force who informed him that he had received a tip that during the night of the day on which they communicated the building where Supermarket Nahúm was located was going to be set on fire. The officer who received the call accompanied by others arrived at said place and at about 2:00 a.m. they noticed that one of the doors was ajar, and "that it was slit through the middle from the center upwards, that is, more than one half and it had holes which seemed to have been made with a drill, and on arriving I could notice . . ." a strong smell of gasoline. Furthermore they saw a person inside the premises. All this suspicious scene in addition to the confidential information received was the reason the agent had to enter into the premises. They arrested the person that was inside. It was Juan Flores Valentín, one of the defendants. Certainly there was reasonable cause for his arrest. "That this information was hearsay does not destroy its role in establishing probable cause. [Citation.] In *Draper* v. *United States*, 358 U.S. 307 (1959), we held that information from a reliable informer, corroborated by the agents' observations as to the accuracy of the informer's description of the accused and of his presence at a particular place, was sufficient to establish probable cause for an arrest without warrant." *Ker* v. *State of California*, 374 U.S. 23 (1963), 31 L.W. 4611, 4615.

The case before us presents a similar situation. There is a confidential information of an attempt to set fire to a building. A door is found ajar, a strong smell of gasoline from inside of the supermarket is perceived. There is probable cause for the arrest of the person who at 2:00 a.m. was,

under such circumstances, in said place. And obviously the search performed was lawful.

■ The codefendant, owner of the supermarket, made an extrajudicial confession. He incriminated the other defendant. The latter requested separate trial. It was denied. On appeal both assign as error the refusal to grant separate trials. Only defendant Valentín Flores could complain, for there was only the other defendant's confession and only Valentín could be prejudiced by a joint trial. But, an examination of the evidence that the judge had before him showed that no prejudice was caused. Apart from codefendant's confession the rest of the evidence directly connects Flores Valentín with the offense charged. He was caught in the premises he intended to set on fire with the necessary implements to perpetrate the act. It seems convenient to recall here what we said in *People* v. *Cruz*, 87 P.R.R. 124 (1963), in a similar situation. Here we have done as in *Cruz* and therefore we repeat what we said therein:

"Now then, in deciding the case before us we will take into consideration the normative situation prevailing at the time the trial court denied a separate trial and a new trial. We will therefore examine the record in order to determine whether the circumstances were such that the confessions made by the other two defendants which incriminated Ortiz Verdejo deprived the latter of an impartial and fair trial, notwithstanding the instructions given to the jury. It must be said that the trial court showed commendable zeal in those instructions, that it repeated over and over again on all proper occasions that nothing said in those confessions could be used by the jury against this other codefendant. If we had any doubt at all that this defendant did not have a fair trial on that ground, we would reverse and order that he be retried. But we have none in the light of all the circumstances which we have taken into consideration. There was evidence of an eyewitness, which would convince any jury, on Ortiz Verdejo's direct participation in the perpetration of the killing. The prosecution evidence was brief, simple, without complications which could confuse the jury. The two confessing

defendants did not introduce any evidence, and Ortiz Verdejo defended himself on the basis of evidence of alibi, though in fact not very convincing, which the jury undoubtedly had reason to disbelieve. *Cf. Delli Paoli* v. *United States, supra; United States* v. *Gottfried,* 165 F.2d 360, 367 (C.A.2). As respects this codefendant, the only one who requested to be tried separately, there is no reason to reverse the judgment on that ground nor as to the others who did not make the request."

In the present case the judge emphatically instructed the jury not to consider the other defendant's confession against Flores Valentín.

The fourth error is a reproduction of the second, for which reason it does not merit discussion. In any event, what appellant classifies as an admission obviously is not.

The judgment appealed from will be affirmed.